*E-Filed 7/9/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MELTON LEE MYERS, | No. C 09-4019 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| R. L. SUBIA, Warden, | |
| Respondent. | |
| _____ / | |

**INTRODUCTION**

This is a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 7) is GRANTED. Accordingly, the petition is DISMISSED.

**BACKGROUND**

In 1997, an Alameda Superior Court jury found petitioner guilty of three counts of committing a lewd act on a child, one count of penetration with a foreign object of a child under the age of fourteen, and one count of distributing obscene material. (Ans., Ex. 1 at 2.) The trial court sentenced petitioner to a total term of 285 years in prison. (*Id*.) The state appellate court affirmed the convictions, though it did modify the sentence. (*Id*. at 3.) The

**United States District Court**
For the Northern District of California

1  state supreme court denied petitioner's petition for review.  (*Id*., Ex. 3.)

2  Petitioner then filed state habeas petitions.  The state superior and appellate courts

3  denied his petitions in 2002.  (*Id*., Exs. 4 & 5.)  Five years later, in August 2007, petitioner

4  again filed a habeas petition in the state superior court, which denied the petition in October

5  2007.  (*Id*., Ex. 6.)  Petitioner's subsequently filed habeas petitions, filed in 2008 in the state

6  appellate and supreme courts, were denied.  (*Id*., Exs. 7 & 9.)  Petitioner filed the instant

7  federal habeas petition on August 28, 2009.  Respondent contends that the petition is

8  untimely, and therefore barred by the applicable statute of limitations.  (Motion to Dismiss

9  ("MTD") at 1.)

10  **DISCUSSION**

11  **A.     Standard of Review**

12  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

13  applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of

14  limitations codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within

15  one year of the latest of the date on which:  (1) the judgment became final after the

16  conclusion of direct review or the time passed for seeking direct review; (2) an impediment

17  to filing an application created by unconstitutional state action was removed, if such action

18  prevented petitioner from filing; (3) the constitutional right asserted was recognized by the

19  Supreme Court, if the right was newly recognized by the Supreme Court and made

20  retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

21  been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  "[W]hen

22  a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the

23  AEDPA's one-year limitations period begins to run on the date the ninety-day period defined

24  by Supreme Court Rule 13 expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

25  **B.     Timeliness of the Petition**

26  According to the record, petitioner was convicted on January 29, 1997.  The state

27  appellate court affirmed the conviction on direct review on October 2, 2000.  The state

28

1  supreme court denied the petition for direct review on November 17, 2001. Petitioner's right

2  to appeal to the U.S. Supreme Court expired ninety days later, on February 15, 2002.

3  Accordingly, petitioner had until February 16, 2003 to file a timely federal habeas petition.

4  The instant federal habeas petition was filed on August 8, 2009, which was past the February

5  16, 2003 deadline.  Accordingly, absent statutory or equitable tolling, the federal habeas

6  petition is untimely, and must be dismissed.

7  **C.     Statutory and Equitable Tolling**

8      **1.      Statutory Tolling**

9          For purposes of statutory tolling, the time during which a properly filed application

10  for state post-conviction or other collateral review is pending is excluded from the one-year

11  limitations period.  *See* § 2244(d)(2).  A state habeas petition filed after AEDPA's statute of

12  limitations ended, however, cannot toll the limitation period.  *See Ferguson v. Palmateer*,

13  321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the

14  limitations period that has ended before the state petition was filed," even if the state petition

15  was timely filed).  Section 2244(d)(2) cannot "revive" the limitation period once it has run

16  (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.

17  "Once the limitations period is expired, collateral petitions can no longer serve to avoid the

18  statute of limitations."  *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

19          In the instant matter, statutory tolling does not save the petition.  As stated above,

20  petitioner had until February 16, 2003 to file a timely federal habeas petition.  The statute of

21  limitations was tolled while petitioner was pursuing his first round of state habeas relief in

22  2002.  The last petition, however, was denied on June 4, 2002.  At such time, the statute of

23  limitations started to run again, and expired on February 16, 2003, petitioner having failed to

24  file for other state habeas relief or federal habeas relief until August 2007.  The August 2007

25  state habeas petition no longer served to toll the limitations period.  "Once the limitations

26  period is expired, collateral petitions can no longer serve to avoid the statute of limitations."

27  *Rashid*, 991 F. Supp. 254 at 259.

28

**United States District Court**
For the Northern District of California

No. C 09-4019 RS (PR)
3                                        ORDER OF DISMISSAL

1   Petitioner appears to contend that his petition should not be regarded as untimely
2  because his sentence is unconstitutional, based as it was on assumptions about his criminal
3  record that were materially untrue.  (Opp. to MTD at 2.)  Petitioner, however, has not shown
4  that the factual predicate of this claim could not have been discovered through the exercise of
5  due diligence.  Because petitioner filed his state habeas petitions after AEDPA's statute of
6  limitations ended, he is not entitled to statutory tolling.  Absent equitable tolling, the petition
7  must be dismissed as untimely.

8   **2.   Equitable Tolling**

9   Petitioner has not alleged, nor, certainly, presented any arguments, that he is entitled
10 to equitable tolling.  Accordingly, the petition is DISMISSED as untimely.

11   **CONCLUSION**

12   Respondent's motion to dismiss the petition as untimely (Docket No. 7) is
13 GRANTED.  Accordingly, the petition is DISMISSED.

14   A certificate of appealability will not issue.  Petitioner has not shown "that jurists of
15 reason would find it debatable whether the petition states a valid claim of the denial of a
16 constitutional right and that jurists of reason would find it debatable whether the district court
17 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

18   This order terminates Docket No. 7.

19   The Clerk shall enter judgment in favor of respondent, terminate the pending motion,
20 and close the file.

21   **IT IS SO ORDERED**.

22 DATED: July 9, 2010

RICHARD SEEBORG
23                                                                    United States District Judge

United States District Court
For the Northern District of California